UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

KASSEM BEZIH,

    Plaintiff,

-v-                                           Case No.
                                                Hon.
UNIFUND CCR LLC,

    Defendant.

## COMPLAINT – CLASS ACTION & JURY DEMAND

There are no related cases, except the state court lawsuit referenced herein.

### Introduction

1. Kassem Bezih seeks redress for acts prohibited by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), committed by Unifund CCR LLC ("Unifund").

2. The FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### Jurisdiction and Venue

3. This court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331 and 1337.

4. The events described in this complaint occurred in this District.

### Parties

5. Bezih resides in Dearborn, Michigan; he has lived there at all relevant times.

6. Unifund – a limited liability company organized under Ohio law, with offices at 10625 Techwoods Circle, Cincinnati, Ohio 45242, and with a registered agent located at CSC Lawyers Incorporating Service Co., 601 Abbot Road, East Lansing, Michigan 48823 – purchases (or claims to purchase) charged-off debts allegedly owed by consumers, and attempts to collect them, using the mail, telephone and electronic wire systems to do so. It specifically purchases consumer debts (mostly credit card accounts) for an average of less than ten cents on the dollar, and either sends collection letters, makes collection

calls, or file lawsuits against alleged debts. According to an interview of its principal executive officer in the Cincinnati Business Courier of September 3, 2007 (Dan Monk, "Consumer debt? He loves it; Unifund thrives by taking on others' unpaid bills, to tune of $12 billion"), Unifund and affiliates claim to own approximately $12 billion in charged-off debts. It is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

## Facts

7. On March 16, 2015, Unifund sued Bezih in Macomb County, Michigan (Case No S-15-994-GC (41-A Dist. Ct.)). A copy of the complaint and related documents is attached as <u>Appendix A</u>. The suit seeks collection of an alleged debt that was incurred (if at all) for personal, family or household purposes.

8. 15 U.S.C. §1692i prohibits suits brought to collect on consumer debts in a county in which an alleged debtor did not reside, and in which the alleged debtor did not sign the contract on which the claimed debt is based.

9. As Bezih resides in Wayne County, Michigan, and has lived there for the last several years, Unifund's suit against him in a different county violated 15 U.S.C. §1692i.

10. According to the documents attached to the collection lawsuit, it was clear that Mr. Bezih resided in Dearborn, Michigan, and not in Sterling Heights, Michigan.. As such, Unifund had actual knowledge that Mr. Bezih did not live in Macomb County when suit was filed.

11. In the suit, Unifund alleged an account stated, and attached a document purporting to be a statement of activity with a closing date of September 16, 2010 ("statement of activity").

12. In order to state a meritorious claim for an account stated under Michigan law, Unifund must support its claim with an affidavit establishing that a statement of the balance claimed was mailed to the alleged debtor.

13. The statement of activity purports to have been sent to Bezih in September 2010.

14. In fact, the statement of activity was produced or created by or for Unifund in anticipation of litigation, years after the statement's date.

15. The use of such a statement of activity would have likely gone undetected, but for the

16. careless failure of the persons creating it to remove from the address the designation "attny account - code =CS13."

16. 15 U.S.C. §§1692e, 1692e(2), and 1692e(10) prohibit false or misleading representations in the course of debt collection, including a "false representation of... the character, amount, or legal status of any debt," or "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

17. A statement of activity with a given date, which in fact had been created by or for Unifund after litigation was contemplated, and which was attached to a complaint with an affidavit representing that the documents are genuine, constitutes a false and misleading statement made to plaintiff and the court in the collection lawsuit.

### COUNT ONE – FDCPA – Individual Claim (Incorrect Venue)

18. Because Unifund sued Bezih in the wrong county (as alleged in this complaint), Unifund violated the FDCPA.

19. Bezih was forced to defend against a lawsuit that was improperly filed against him, causing damage and annoyance.

### Demand For Judgment for Relief

ACCORDINGLY, plaintiffs respectfully requests that the Court

a. Assume jurisdiction over all claims,

b. Award actual damages,

c. Award statutory damages,

d. Award statutory costs and attorney fees, and

e. Provide all other proper relief.

### COUNT TWO – FDCPA – Class Claim (False Represenation)

20. Because Unifund made a false representation in the course of a debt collection lawsuit it brought against Bezih (as alleged in this complaint), Unifund violated the FDCPA.

21. Bezih was forced to defend against a lawsuit that had no proper foundation, causing damage and annoyance.

22. Unifund, as a matter of pattern and practice, uses "statements of activity" like the one attached to Bezih's complaint which were not actually sent to alleged debts, but instead were produced after-the-fact solely, for litigation purposes. Such statements are false and misleading representations in the course of debt collection, in the same way that the statement of activity attached to Bezih's complaint was.

## Class Allegations

23. Plaintiffs bring this action on behalf of a class under Fed.R.Civ.P. 23(b)(3), which includes all individuals against whom Unifund filed a collection lawsuit in Michigan, and attached to the complaint a statement of activity prepared in the same manner as the statements in Appendix A,, where the suit was brought at any time between a date one year prior to the filing of this action and a date 20 days after the filing of this action.

24. The members of the class are so numerous that joinder of all is not practicable. On information and belief, there are at least 40 individuals in the defined class.

25. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common questions are (A) how and why the statements in Appendix A were prepared, (B) whether Unifund's representations that such statements are genuine and were sent to the consumer in the ordinary course of business are false and misleading, and (C) whether that practice violates the FDCPA.

26. Plaintiff's claim is typical of the claims of the class members, as it is based on the same facts and legal theories.

27. Plaintiff will fairly and adequately represent the class members, and has retained counsel experienced in class actions and FDCPA litigation.

28. A class action is superior for the fair and efficient adjudication of this matter, because (A) individual actions are not economically feasible, (B) members of the class are likely to be unaware of their rights, and (C) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**Demand For Judgment for Relief**

ACCORDINGLY, plaintiff respectfully requests that the Court:

a. Assume jurisdiction over all claims,

b. Award statutory damages,

c. Award statutory costs and attorney fees, and

e. Provide all other proper relief.

**Demand for Jury Trial**

Plaintiff respectfully demands trial by jury.

>Respectfully Submitted,
>
>ADAM G. TAUB & ASSOCIATES
>CONSUMER LAW GROUP, PLC
>
>By:   s/ Adam G. Taub
>      Adam G. Taub (P48703)
>      17200 West 10 Mile Rd. Suite 200
>      Southfield, MI 48075
>      (248) 746-3790
>      adamgtaub@clgplc.net
>
>      s/ Daniel A. Edelman
>      Daniel A. Edelman
>      Thomas E. Soule
>      EDELMAN, COMBS, LATTURNER
>            & GOODWIN, LLC
>      20 S. Clark Street, Suite 1500
>      Chicago, Illinois  60603
>      (312) 739-4200
>      Email: courtecl@edcombs.com

Dated: May 8, 2015