# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# (DETROIT)

| | | |
|---|---|---|
| **KASSEM BEZIH,** | : | **Case No. 2:15-cv-11660** |
| | : | |
| **Plaintiff,** | : | **Judge Robert H. Cleland** |
| | : | **Magistrate Judge R. Steven Whalen** |
| v. | : | |
| | : | |
| **UNIFUND CCR, LLC,** | : | **STIPULATED PROTECTIVE** |
| | : | **ORDER** |
| **Defendant.** | : | |
| | : | |
| | : | |

Pursuant to Federal Rule of Civil Procedure 26(c), and by stipulation of the parties, the Court hereby enters the following protective order:

1. **Confidential Information** – Any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2. **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

    a.    The named parties in this case, their attorneys, and their support staff (e.g., copying and document management personnel).

    b.    Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 4 below.

    c.    Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

    d.    This Court and its staff members.

3.    **Disclosure to Experts and Consultants** – Before any documents, testimony, or other information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" are disclosed to an independent expert or consultant, the receiving party shall give the producing party ten (10) days written notice of the proposed expert. If the producing party objects to the expert, no designated

material or information of the producing party shall be disclosed to the expert or consultant until the issue is resolved by the Court.

4. **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the party or attorney making the designation reasonably and in good faith believes it will reveal a trade secret or other confidential research and development, commercial, or sensitive information.

5. **Protection of Confidential Information** -- Any party receiving documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall take reasonable precautions to safeguard the documents' confidentiality.

6. **Motion Practice** – All documents, testimony, and information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that are submitted to the Court Clerk as part of a motion or other paper shall be filed pursuant to Local Rule 5.3. A redacted copy of the motion or paper may be filed with the Court Clerk through the Court's electronic filing system and an unredacted copy of the motion or paper may be filed under seal.

An unsealed or unredacted copy of the confidential document, testimony, or information may be used for the judge's courtesy copy of the motion, but each

page containing confidential information shall be marked in such a way that it clearly notifies the Court that the page contains confidential information that was filed pursuant to Local Rule 5.3. The Judge's courtesy copy of the motion shall be sent directly to the Judge's chambers and not filed with the Court Clerk.

7. **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third parties may designate information produced as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER".

8. **Challenging "Confidential" or "Highly Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as confidential or highly confidential under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

9. **Trial Testimony** – This Protective Order shall not govern proceedings at trial.

10. **Termination of Lawsuit** – Upon request, all documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and

all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court determines are not confidential. Outside litigation counsel for each party may keep a copy of all pleadings and other documents filed with the Court for their files.

11. **Inadvertent Production of Privileged Material** – Any inadvertent production of privileged or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days.

**SO ORDERED.**

Dated: December 11, 2015

>s/Robert H. Cleland
>Honorable Robert H. Cleland
>United States District Court Judge

STIPULATED:

/s/ Cathleen M. Combs            /s/ Alan H. Abes

| | |
|---|---|
| Daniel A. Edelman | Alan H. Abes |
| Cathleen M. Combs | DINSMORE & SHOHL LLP |
| EDELMAN, COMBS, | 255 E. 5th St., Suite 1900 |
| LATTURNER & GOODWIN, LLC | Cincinnati, Ohio 45202 |
| 20 South Clark Street, Suite 1500 | (513) 977-8149 |
| Chicago, Illinois 60603 | (513) 977-8141 (Fax) |
| (312) 739-4200 | alan.abes@dinsmore.com |
| (312) 419-0379 (Fax) | |
| ccombs@edcombs.com | |
| | |
| Adam G. Taub (P48703) | Charity A. Olson (P68295) |
| ADAM G. TAUB & ASSOCIATES | 2723 S. State St., Suite 150 |
| CONSUMER LAW GROUP, PLC | Ann Arbor, Michigan 48104 |
| 17200 West Ten Mile Rd, Ste 200 | (734) 222-5179 |
| Southfield, Michigan 48075 | colson@olsonlawpc.com |
| (248) 746-3790 | |
| adamgtaub@clgplc.net | |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# (DETROIT)

| | | |
|---|---|---|
| **KASSEM BEZIH,** | : | **Case No. 2:15-cv-11660** |
| | : | |
| Plaintiff, | : | **Judge Robert H. Cleland** |
| | : | **Magistrate Judge R. Steven Whalen** |
| v. | : | |
| | : | |
| **UNIFUND CCR, LLC,** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare as follows:

1. I have read the Protective Order in the above captioned case.

2. I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that are given to me for purposes of this lawsuit.

3. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO

7

PROTECTIVE ORDER" with anyone other than the persons described in the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____

_____
Signature